IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERROD A. BROOMFIELD, #L0405**                                                      **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 1:05-CV-471-DMR-JMR**

**RONALD KING**                                                            **RESPONDENT**

**ORDER DISMISSING PETITION WITH PREJUDICE**

**BEFORE** THE COURT is the Petition of Jerrod A. Broomfield, #L0405, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully considered the record before it, and the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and it should be dismissed on all grounds with prejudice

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Petitioner is lawfully in the custody of Lawrence Kelly, Superintendent of the Mississippi State Penitentiary at Parchman, Mississippi, after being convicted of armed robbery in the First Judicial District of the Circuit Court of Harrison County, Mississippi.[1] By order filed March 5, 2002, petitioner was sentenced to serve a term of thirty-five (35) years in the custody of the Mississippi Department of Corrections. *See* State Court Record (hereinafter "S.C.R."), Vol. 1, p. 94.

Thereafter, petitioner appealed his judgment of conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by petitioner):

> A. That the State failed to prove beyond a reasonable doubt that the Defendants committed armed robbery.

---

[1] Respondent has noted for the Court that Broomfield's judgment of conviction was filed in the First Judicial District of the Harrison County Circuit Court on February 15, 2002. It is also noted that Marquise Leon Flewellen and Douglas Ricardo Moody were also charged with armed robbery and tried as co-defendants.

   B. That the trial court erred when it failed to exclude in its entirety a statement allegedly made by this defendant that inculpated the other two defendants and chose instead to redact part of the statement, allowing part of the statement into evidence when any part of the statement would be inculpatory of the other two defendants.

   C. That the trial court erred when it admitted into evidence exhibit 17, the wallet of the Defendant Marquise Flewellen.

   D. That the trial court erred when it denied Defendant's motion for directed verdict and for a preemptory instruction.

On October 7, 2003, the Mississippi Court of Appeals affirmed the petitioner's judgment of conviction and sentence. *See* "Pleadings Filed," Cause No. 2002-KA-0421-COA. On October 20, 2003, Broomfield filed a motion for rehearing. On February 24, 2004, the Mississippi Court of Appeals denied the motion for rehearing, withdrew its original opinion and affirmed the petitioner's judgment of conviction and sentence. *See* Exhibit A. *See Broomfield and Flewellen v. State*, 878 So. 2d 207 (Miss. App. 2004)(Cause No. 2002-KA-00421-COA), *cert. denied*, July 22, 2004.

Broomfield filed his Petition for Writ of Habeas Corpus on October 14, 2005, in which he raised the following four (4) grounds:

 Ground One - Sufficiency of the evidence.

 Ground Two - The trial court erred when it admitted into evidence Broomfield's redacted statement, "I stayed in the car."

 Ground Three - The trial court erred in admitting co-defendant Marquis Flewellen's wallet.

 Ground Four - Ineffective assistance of counsel.

On January 9, 2006, the Respondent filed a "Motion To Dismiss For Failure To Exhaust" in which the respondent argued that Broomfield had not exhausted the ineffective assistance of counsel claim that he appeared to be raising in Ground Four of his habeas petition. In the motion to dismiss, the Respondent asks this Court to either dismiss the petition and instruct Broomfield to return to state court to exhaust his claim or to permit Broomfield to amend his habeas petition by deleting the unexhausted claim. Thereafter, on June 12, 2006, Chief Magistrate Judge John M. Roper entered his report and recommendations in which he recommended, *inter alia*, that Broomfield's habeas petition be dismissed without prejudice for failure to exhaust.

Meanwhile, before the District Court ruled on the report and recommendations by the magistrate judge, Broomfield filed a petition for post-conviction relief in the Mississippi Supreme Court in which he raised the following two issues: (1) Defense counsel was ineffective in failing to move for recusal of the trial judge; and (2) Trial judge erred in failing to recuse himself. On July 18, 2006, the Mississippi Supreme Court denied Broomfield's petition for post-conviction relief, stating, in pertinent part, as follows:

> The panel finds that Broomfield's claims that his attorney at trial was ineffective is without merit under the standard set out in *Strickland v. Washington*. The panel further finds that the other issues raised in the petition are without merit.

*See* Exhibit B.

On August 17, 2006, this Court ordered the respondent to review the state court record and inform the Court whether petitioner had sought post-conviction relief in state court. On September 5, 2006, the Respondent filed a response to this Court's order advising the Court that Broomfield had filed for post-conviction relief in state court and the state court had denied the petition. The Respondent further advised this Court that it appeared from Broomfield's post-

3

conviction petition that petitioner had raised one claim of ineffective assistance of counsel, thereby resulting in exhaustion of Ground Four of petitioner's habeas petition.  On September 19, 2006, this Court entered an order finding as moot Respondent's motion to dismiss, petitioner's motion to hold petition in abeyance and the report and recommendation.  The Court further ordered the Respondent to answer petitioner's habeas petition within sixty (60) days.

II. LEGAL ANALYSIS

Ground Two of Petitioner's claim was raised in Broomfield's direct appeal and held to be procedurally barred by the Mississippi Supreme Court; it is, therefore, precluded from review by this Court. Specifically, on appeal, Broomfield challenged the admission of his own redacted statement to Deputy Hueget, "I stayed in the car[,]" on the basis that the redacted statement violated his co-defendants' right to cross-examine witnesses.   In holding that Broomfield had no standing to vicariously assert his co-defendants' right to cross-examination and that Broomfield had failed to cite any authority to support such a claim, the appellate court stated,

> "Issues not properly briefed and supported by logical argument, and, where appropriate, citation to relevant authority, will not normally be considered." Finding either of these reasons sufficient to disregard this alleged error, we decline Broomfield's request for relief on this basis.

*See Broomfield and Flewellen*, 878 So. 2d. at 217 (citation omitted).

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

The Respondent submits to the Court that the procedural bar applied by the state court in the instant case constitutes an independent and adequate state bar. To determine the adequacy of the bar, this Court must examine "whether Mississippi has strictly or regularly applied [them]." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(citing *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996)). The Respondent submits that a review of state court cases clearly reveals that the procedural bar imposed by the court is strictly and regularly applied.[2]

However, of utmost importance is the fact that the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes,* 123 F.3d at 860 (citations omitted). Broomfield has failed to carry his burden of proving an "inconsistent and irregular" application of the bar described previously; therefore, Broomfield has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861. This Court agrees with the Respondent that because the ground for relief asserted herein was denied by the state court pursuant to an independent and adequate state law, the claim in Ground Two is precluded from federal review in a habeas corpus action, absent exceptional circumstances, under the authority of *Coleman,* 501 U.S. at 729-732. Federal courts will not review a state court's

---

[2]For cases holding that the failure to cite authority waives an assertion of error on appeal, *see, e.g., Harris v. State*, 386 So. 2d 393, 396 (Miss. 1980); *Kelly v. State*, 553 So. 2d 517, 520 (Miss. 1989); *Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996); *Taylor v. State*, 744 So. 2d 306, 310 (Miss. App. 1999); *Coney v. State*, 790 So. 2d 773, 806 (Miss. 2001); *Dawdle Butane Gas Co., Inc., v. Moore*, 831 So. 2d 1124, 1136 (Miss. 2002); *Jones v. Howell*, 827 So. 2d 691, 702 (Miss. 2002); *Alexander v. Womack*, 857 So. 2d 59, 62 (Miss. 2003); *Welcher v. State*, 863 So. 2d 776, 812 (Miss. 2003).

holding on federal law claims if that holding rests upon a state law ground which is both independent of the merits of the federal claims and adequate to support the state court's judgment.  *See Sawyers v. Collins,* 986 F.2d 1493, 1499 (5th Cir. 1993) (citing *Harris v. Reed,* 489 U.S. 255, 260-63, 10 S.Ct. 1038, 1042-43, 103 L.Ed.2d 308 (1989)).  Consequently, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court."  *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991) (citing *Wainwright v. Sykes,* 433 U.S. 72**,** 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 485-92, 106 S.Ct. 2639, 2643-48, 91 L.Ed.2d 397 (1986).  Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice, which the Petitioner has not shown.  *See Coleman*, 501 U.S. at 750, 753; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)).  Examples of objective factors which have been found to constitute *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]."  *McCleskey v. Zant*, 499 U.S. 467 (1991).  In addressing cause for a procedural default that may be based in attorney error, the United States Supreme Court has stated as follows:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. at 488.

Broomfield does not meet the *Strickland* test for establishing constitutionally ineffective assistance of counsel such that he can overcome the procedural bar. Since Broomfield fails to establish cause, there is no need to consider whether there was actual prejudice to petitioner. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

Furthermore, there will be no "fundamental miscarriage of justice" if Broomfield's claim is not heard on the merits. The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Broomfield cannot meet this standard. This Court is of the opinion that there will not be a fundamental miscarriage of justice if Broomfield's claim in Ground Two is not considered on the merits.

Alternatively, the claim in Ground Two is an issue of state law as is the claim in Ground Three. As such, the claims in Ground Two and Ground Three are not subject to habeas review. A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). The role of a federal court is more limited than that of the state appellate court. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). In *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981), the Court stated: "[w]e have repeatedly admonished that we do not sit as a super state

supreme court on a habeas corpus proceeding to review error under state law." The federal courts hold no supervisory power over state judicial proceedings, and federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

As stated previously, Broomfield argues in Ground Two that the trial court erred in admitting Broomfield's redacted statement to Deputy Huguet, "I stayed in the car." The appellate court declined to address the merits of this claim on procedural grounds. *See Broomfield and Flewellen*, 878 So. 2d at 217. In Ground Three, Broomfield argues that the trial court erred in admitting Co-defendant Flewellen's wallet and its contents into evidence. The appellate court addressed the admission of the wallet and its contents, in pertinent part, as follows:

> We find that the trial court did not abuse its discretion in admitting the wallet and its contents because it was found in Flewellen's car. The evidence connected Flewellen with the crime and constituted part of the surrounding scene. Furthermore, items seized in an inventory search of the vehicle pursuant to routine police procedures are admissible. [citation omitted]. Therefore the trial judge did not abuse his discretion, and this assignment of error is without merit.

*See Broomfield and Flewellen*, 878 So. 2d at 219.

A claim challenging the state court's ruling on the admissibility of certain evidence under state law is precluded from review by this Court because the rulings of state courts on evidentiary matters are solely issues of state law. "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v.*

*Whitley,* 28 F.3d 532, 536 (5th Cir.1994).  "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted); *see also Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999).  The "erroneous admission of prejudicial testimony does not justify relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *See Jackson*, 194 F. 3d at 656.

The findings by the state court are entitled to due deference pursuant to 28 U.S.C. § 2254. Accordingly, in light of the state court's findings, Broomfield is not entitled to habeas relief on his claims because the admission of the evidence was neither erroneous nor would the evidence have been 'crucial, critical, and highly significant' to the jury's determination.  *Id.  See also Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378  (1993).  The Court agrees with the Respondent that the claims of  alleged violation of state rules in Ground Two and Ground Three, as cited above, do not rise to the required level to be, without more, a cognizable ground for habeas corpus relief.  *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted). Accordingly, Broomfield is not entitled to relief for his claims in Grounds Two and Three.

Furthermore, the claim in Ground One was reviewed by the Mississippi Court of Appeals on direct appeal and denied on the merits.  Likewise, the claim in Ground Four was reviewed by the Mississippi Supreme Court on post-conviction review and denied on the merits.  As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"),  28 U.S.C.A. § 2241, *et seq*., and because these issues were decided on the merits, habeas relief cannot be

granted with respect to these grounds. 28 U.S.C. § 2254(d) and § 2254(e)(1). 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). The claims in Ground One and Ground Four are mixed questions of law and fact. Therefore, subsection (1) of § 2254(d) governs the claims and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than a *de novo* review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000), the United States Supreme Court concluded that §2254(d)(1) "places a new constraint on the power of a federal habeas court

to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523.  A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts."  *Id*. at 1523.  A state court's decision involves an unreasonable application of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts must be objectively unreasonable.  *Id*. at 1521.  Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*.  *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000);  *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

Nevertheless, under § 2254(d)(2) grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented.  Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).  As set forth herein, Broomfield failed to meet his burden and this Court is barred from reviewing issues already decided on the merits.

In Ground One, Broomfield challenges the sufficiency of the evidence.  Specifically, the Petitioner claims that the evidence was insufficient to establish that he possessed the requisite

11

intent to commit a robbery because there was no direct evidence that he or his co-defendants demanded or took any items. Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000). This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992). On direct appeal, the appellate court conducted a painstaking analysis of the facts and law that pertain to petitioner's insufficiency of the evidence claim which need not be repeated here. *See Broomfield and Flewellen*, 878 So. 2d at 211-216. The court, however, ultimately concluded as follows:

> The jury's task was to determine the intent of Broomfield and Flewellen and to decide whether they committed the crime of armed robbery. Their intent was a matter that could be inferred from the circumstances. [citation omitted] The issue of intent is a factual determination and is within the exclusive province of the jury, under appropriate instructions from the court. [citation omitted] Here, considering all of the circumstances, it was a logical inference or presumption for the jury to find that Broomfield and Flewellen had the intent, and indeed attempted, to "take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon," as required under Mississippi Code Annotated Section 97-3-79 (Rev. 2000) to establish the crime of armed robbery.

> We find that the evidence was sufficient for the jury to find Broomfield and Flewellen guilty of armed robbery. Thus, we find that this assignment of error is without merit.

*Id*. at 216. The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . it's determination is entitled to great deference."). Broomfield has presented nothing in his habeas petition to overcome the deference afforded to the state appellate court's decision; furthermore, he has failed to prove that the state court decision was an unreasonable application of law to the facts. *See Williams v. Taylor, supra*. Accordingly, Broomfield is not entitled to relief based on his claim of insufficiency of the evidence as raised in Ground One of the instant petition.

In Ground Four, Broomfield generally and vaguely asserts ineffective assistance of counsel. The Petitioner fails to specify in his habeas petition or in his "Brief In Support Of Writ Of Habeas Corpus" what act or acts he believes constituted ineffective assistance of counsel. The Petitioner, however, did exhaust an ineffective assistance of counsel claim in state court by way of a petition for post-conviction relief. As noted previously, the petitioner exhausted this claim after the Respondent moved to dismiss the habeas petition. The Petitioner did not thereafter amend his habeas petition to include any specifics or argument regarding the ineffective assistance of counsel claim. Thus, the Respondents submit that they are surmising that what Broomfield is claiming in Ground Four is to review petitioner's state post-conviction motion. Specifically, the Respondent submits to the Court that Broomfield contends that he was

denied effective assistance of counsel when his attorney failed to move for recusal of the trial judge. As noted previously, the Mississippi Supreme Court addressed the ineffective assistance of counsel claim on post-conviction review and found that the claim did not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984); this Court agrees.

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). "Our scrutiny of counsel's performance is 'highly deferential' and we must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of the counsel's perspective at the time.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was

reasonable under prevailing professional standards.  *Lavernia*, 845 F.2d at 498.  Finally, there is a strong presumption that counsel has exercised reasonable professional judgment.  *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

      To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable.  *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).  To meet the prejudice prong, petitioner must affirmatively prove and not merely allege prejudice.  *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).  There is no constitutional entitlement to error free representation.  *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982).

      Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms.  *Strickland*, 466 U.S. at 688.  A determination must be made of whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances.  *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001).  In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689 (citation omitted).  In scrutinizing counsel's performance, every effort must be made to "eliminate the distorting effects of hindsight," and deficiency should not be assumed merely because the Court disagrees with trial counsel's strategy.  *Id.* (citations omitted).

In the instant claim of ineffective assistance of counsel, Broomfield argues that recusal was necessary because Judge Simpson was an assistant district attorney in the Harrison County District Attorney's Office at the time the armed robbery occurred and while the crime was being investigated. As such, the Petitioner contends that defense counsel should have moved for recusal and that his failure to do so constituted ineffective assistance of counsel. The Respondent has submits to the Court that defense counsel likely did not move for recusal because he had no basis on which to do so. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994)("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite."). Furthermore, the Respondent submits that, as a matter of strategy, a good defense attorney would not move for recusal absent a belief that he could succeed on such motion. Broomfield's allegation that Judge Simpson was involved in the case at the time of the robbery and during the subsequent investigation is conjecture and speculation. The Respondent represents to the Court that according to the judge's office, Judge Simpson ascended to the bench on December 1, 2000, some five (5) months before Broomfield was even indicted. The Respondent submits further that petitioner has provided no evidence whatsoever that Judge Simpson had anything to do with his case during the five (5) month period following the armed robbery that Judge Simpson was an assistant district attorney. Moreover, the Respondent asserts that employment by the Harrison County District Attorney's Office alone does not constitute a reason for recusal. *See* Mississippi Code of Judicial Conduct, Comment to Canon 3(E)(1)(b).[3]

---

[3]The comment to Canon 3(E)(1)(b) of the Rules of Judicial Conduct provides as follows: A lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of Section 3E(1)(b); judges formerly employed by a government agency, however, should disqualify themselves in a proceeding if the judges' impartiality might reasonably be questioned because of such association.
Mississippi Code of Judicial Conduct, Comment to Canon 3E(1)(b).

For the reasons stated, this Court does not find a deficiency on the part of defense counsel for failing to move for recusal and does not find a prejudice resulting therefrom; this Court is of the opinion that the state supreme court's finding that defense counsel was not ineffective under the *Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law.[4]  Accordingly, habeas review of the claim in Ground Four will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Jerrod A. Broomfield, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the    20th    day of April, 2007.

/S/   **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] "It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made the showing required under *Strickland*]. Instead, the test is whether the state court's decision– that [the petitioner] did not make the *Strickland*-showing– was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004).